Columbo SOLIMO, Plaintiff,

v.

**METRO–NORTH COMMUTER RAILROAD, Defendant.**

No. 02 Civ. 9806(MP).

United States District Court, S.D. New York.

March 28, 2003.

Ralph J. Mellusi, Tabak & Mellusi, Andrew P. Bell, Law Offices of Gene Locks, PLLC, New York City, for Plaintiff.

C. Sue Barnett, Robert Bergen, New York City, for Defendant.

## *OPINION*

MILTON POLLACK, Senior District Judge.

The plaintiff, Mr. Columbo A. Solimo, has moved for an Order remanding this action to the Supreme Court of the State of New York. The plaintiff maintains that because the subject of his complaint is an alleged oral representation made to him during settlement negotiations, the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151, *et seq.*, does not preempt his state-law fraud, constructive fraud, intentional infliction of emotional distress, and breach of contract claims. Defendant Metro–North Commuter Railroad ("Metro–North") opposes the motion to remand and moves for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(c).

Because any claims brought under the settlement agreement would be preempted by the RLA in this case, the Court denies plaintiff's motion to remand and grants defendant's motion to dismiss the complaint.

## FACTS

Plaintiff Columbo A. Solimo was employed by Metro–North as an electrician under a Collective Bargaining Agreement ("CBA") between Metro–North and the International Brotherhood of Electrical Workers ("IBEW"). Mr. Solimo sustained an on-the-job injury on August 14, 1995 and commenced a Federal Employers' Liability Act ("FELA") action before Judge Sotomayor in the Southern District of New York. That action, *Solimo v. Metro–North Commuter R.R.*, 96 Civ. 0892, was transferred to this Court, where it was settled and dismissed with prejudice by an Order entered on March 18, 1997. The terms of the settlement were set out in a general release signed by Mr. Solimo.

Following the settlement, Mr. Solimo presented himself to Metro–North for clearance to return to his position as an electrician with the railroad. Although he claims his own treating physician had cleared him for duty, Metro–North refused to allow him to return to work. Plaintiff Solimo asserts that, as part of his settlement, Metro–North promised him he could return to his prior employment as an electrician with Metro–North. Even if true, the immediate question before the Court is not whether the settlement agreement has been breached, but whether Mr. Solimo had proven himself medically eligible for employment under the collective bargaining agreement.

## DISCUSSION

■ State-law claims that require an interpretation of a collective bargaining agreement are considered "minor disputes" and are preempted by the RLA.

*See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 263, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). "Our analysis must focus, then, on whether the [state-law] ... action ... confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the ... claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999) (Winter, Chief Circuit J.). We may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

It is not alleged, however, that Metro–North promised Mr. Solimo a position without regard to his physical ability to do the job. Although Mr. Solimo asserts in his complaint that the settlement agreement can be evaluated separately from the collective bargaining agreement, it is nowhere stated therein that the settlement agreement freed him from the fitness-for-duty constraints of the CBA.

■ Mr. Solimo's state-law claims are thus inextricably intertwined with a determination of his eligibility to return to work—which is governed by the collective bargaining agreement between Metro–North and the IBEW. Unlike *Hawaiian Airlines* or *Shafii v. British Airways*, this *is* a case where the CBA is the only source of Solimo's right not to be discharged

wrongfully. *See Andrews v. Louisville & N.R. Co.,* 406 U.S. 320, 323–24, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Hawaiian Airlines,* 512 U.S. at 258, 114 S.Ct. 2239; *Shafii v. British Airways, PLC,* 83 F.3d 566, 570 (2d Cir.1996) (Calabresi, Circuit J.). Solimo does not assert that Metro–North had a state-law public policy or statutory obligation to reinstate him. His return to work was conditioned upon his medical eligibility—questions of which must be resolved through the dispute resolution mechanisms of the collective bargaining agreement or the Railway Labor Act.

Claims of breach of the settlement agreement, and the derivative tort claims of fraud, constructive fraud and intentional infliction of emotional distress, rest on a determination of plaintiff's physical eligibility for his position and cannot be settled without reference to the CBA. They are therefore preempted by the RLA and ineligible for remand.[1]

Furthermore, as minor disputes under the RLA must be resolved "only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions," *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. at 253 (citing 45 U.S.C. § 184), this Court must dismiss Solimo's claims for lack of subject matter jurisdiction.

**CONCLUSION**

Plaintiff's state-law claims cannot be evaluated independently of the provisions of the collective bargaining agreement and are thus "minor disputes" preempted by the RLA and ineligible for remand. Because the dispute resolution processes of the CBA and RLA are the only methods to resolve minor disputes between an employer and employee under the RLA, this Court dismisses Plaintiff's claims for lack of subject matter jurisdiction.

Plaintiff's motion to remand is accordingly DENIED. Defendant's cross-motion to dismiss the complaint is GRANTED.

*SO ORDERED.*

---

**1.** The plaintiff has presented a supplemental memo to this Court which challenges our jurisdiction on the basis of a recent Eleventh Circuit opinion. *See Geddes v. American Airlines, Inc.,* 321 F.3d 1349 (11th Cir.2003). The Second Circuit, however, is clearly of the opinion that the RLA, like the Labor Management Relations Act ("LMRA") which it closely resembles, offers complete preemption and thus removal jurisdiction for artfully pled state law complaints in the RLA field. *See Shafii v. British Airways, PLC,* 83 F.3d at 569

("If the state law claims put forward are in fact preempted by the RLA, the action may properly be removed to the federal courts, even when the plaintiff's complaint does not itself include a federal cause of action."); *see also Milam v. Herrlin,* 819 F.Supp. 295, 301 (S.D.N.Y.1993) (Sweet, J.) ("Any attempt to avoid the exclusive remedies of the RLA by 'artful pleading' will not be tolerated."). Until this Circuit explicitly adopts the reasoning set out in the *Geddes* opinion, we decline to do so.